## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| ROBERT L. SCHMIDT and <br> STACY S. SCHMIDT, <br><br> Plaintiffs, <br><br> v. <br><br> NEW CENTURY MORTGAGE <br> CORPORATION, <br> NATIONAL CITY CORPORATION, <br> LITTON LOAN SERVICING, L.P., <br> and CRISLIP, PHILIP & ASSOCIATES, <br><br> Defendants. | Civil Action No. 3:06-cv-209 |

### ORDER

This matter was initiated by *pro se* plaintiffs arising from a dispute concerning a mortgage. Defendant New Century Mortgage Corporation ("New Century") filed a motion to dismiss [Doc. 6] for failure to state a claim upon which relief can be granted. In response, the plaintiffs filed an opposing brief and a motion to amend. The plaintiffs were subsequently granted permission to file their amended complaint and did so with the Court. For the reasons that follow, New Century's motion to dismiss [Doc. 6] is **DENIED**.

### I. Facts

As the law requires, all disputed facts and inferences are resolved most favorably to the plaintiffs. Furthermore, the Court merely provides an abridged summary of facts for the purposes of this opinion.

1

Robert L. Schmidt and Stacy S. Schmidt ("Schmidts") entered into an agreement with New Century to refinance their home mortgage on certain terms, including a payoff of $208,000 to the "existing holder of the mortgage." Shortly thereafter, New Century transferred the servicing of the loan. Disputes as to accounting arose between the holders of the mortgage and the plaintiffs, resulting in a foreclose of plaintiffs' home.

In January of 2006, the plaintiffs received information that the actual amount of payoff was not $208,000, but rather $194,958. Plaintiffs assert that New Century made representations in January of 2003 that were incorrect, unfair, and deceptive in not accounting for $13,042 of the plaintiffs' equity in their home.

New South's motion for dismissal is based upon plaintiffs' failure to set forth factual allegations against them, merely asserting conclusory allegations that New Century violated various federal and state laws. However, plaintiffs were permitted to amend their complaint to assert factual allegations.

**II.     Standard of Review**

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires a court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of claims that would entitle him or her to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990) *cert. denied,* 498 U.S. 867

(1990). A court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). A court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

### III. Motion to Dismiss and Applicable Law

New Century's only ground for dismissal is that the complaint filed by the Schmidts sets forth no "factual allegations of any kind or nature detailing what New Century supposedly has done to violate the listed statutes or to otherwise cause harm." The plaintiffs subsequently have amended their complaint setting forth some factual averments that the actions of New Century were wrongful, unlawful, and caused them to suffer injury.

As set forth in *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), *pro se* complaints are to be liberally construed. A complaint's allegations, however inartfully plead, that are sufficient to call for the opportunity to offer supporting evidence, should not be dismissed for failure to state a claim. *Id.* Moreover, district courts have allowed ample opportunity for amending the complaint when it appears that a *pro se* litigant would be able

3

to state a meritorious claim. See *Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *McCallum v. Gilless*, 38 Fed.Appx. 213, 216 (6th Cir. 2002). At this time, the Court cannot say, as a matter of law, that plaintiffs are unable to prove a set of facts in support of their claims that would entitle them to relief.

### IV. CONCLUSION

For the reasons hereinabove set forth, defendant New Century's motion to dismiss [Doc. 6] is **DENIED**.

**IT IS SO ORDERED.**

                                      **ENTER:**

                                      s/Thomas W. Phillips
                                      UNITED STATES DISTRICT JUDGE