**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **ROBERT L. SCHMIDT, and** | ) | |
| **STACY S. SCHMIDT,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-209 |
| | ) | (Phillips) |
| **NATIONAL CITY CORPORATION, and** | ) | |
| **LITTON LOAN SERVICING LP,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter came before the court on the motion to dismiss filed by Gregory C. Logue and Daniel J. Moore. Defendants Logue and Moore assert that plaintiffs failed to obtain permission from the court to file an amended complaint as required by Rule 15, Fed.R.Civ.P. Defendants also assert that the court does not have supplemental jurisdiction of the purported claims against them based upon 28 U.S.C. § 1332 and 28 U.S.C. § 1367(b). In addition, defendants assert that allowing the amendment would be futile and should not be allowed, or alternatively, that the proposed amendment should be dismissed for failure to state a claim upon which relief may be granted.

In Count Two of the Second Amended Complaint, plaintiffs allege that defendants are guilty of theft of property as defined in Tenn. Code Ann. § 39-14-103, as a result of alleged wrongful foreclosure and alleged wrongful sale of the plaintiffs' property.

In Count Three, plaintiffs attempt to allege a right to recover for forgery under Tenn. Code Ann. § 39-14-114, as a result of plaintiffs having "subsequently found documents that are allegedly forged and/or substituted."

In Count Four, plaintiffs sue for criminal conspiracy pursuant to Tenn. Code Ann. § 39-12-103, asserting that defendants Logue, Moore and others "were involved in servicing fraud, fraudulent foreclosure, and the fraudulent sale of their home."

In Count Five, plaintiffs allege that "defendants were involved in one or more contracts with the plaintiffs," that defendants' practices violated the mortgage contract and violated their fiduciary duty regarding servicing of the mortgage, and allege that defendants breached their contract with plaintiffs.

In Count Six, plaintiffs allege a cause of action against defendants under the Tennessee Consumer Protection Act alleging "trickery and deception about the amounts they owed, and the intentions of the defendants to collect the debt by foreclosure in violation of plaintiffs' legal rights. Specifically, plaintiffs allege that defendant Logue "violated the contract made to plaintiffs regarding accepting payments and not foreclosing,"

alleging that defendant Logue is a co-conspirator in the wrongful conversion of plaintiffs' property and that Logue failed to do due diligence regarding the property. Plaintiffs allege that defendant Moore "manufactured fraudulent documents regarding the sale of the subject property" and also that he failed to do proper due diligence.

In Count Seven, plaintiffs allege that defendants violated state and federal civil rights alleging that defendants "induced the courts to act in violation of plaintiffs' constitutional rights" and intentionally withheld information regarding the ownership of the subject property resulting in "the courts [bringing] a wrongful detainer action against the plaintiffs."

In Count Ten, plaintiffs attempt to allege a cause of action for conspiracy against rights in violation of 18 U.S.C. § 241 and 18 U.S.C. § 242.

In Count Twelve, plaintiffs allege that defendants violated Rules 1.2 and 8.4 of the Rules of Professional Conduct pertaining to advice which plaintiffs allege defendants gave to their clients.

The gist of the allegations against defendants Logue and Moore in the Second Amended Complaint is that plaintiffs were harmed by defendants' actions in their capacity as attorneys representing their clients who are adverse parties to plaintiffs in this litigation.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted). For the reasons which follow, plaintiffs' cause of action against defendants Logue and Moore will be dismissed.

First, the criminal statutes cited by plaintiffs in Counts Two, Three, Four, Seven and Ten do not provide for a private civil cause of action and these Counts will be dismissed for failure to state a claim upon which relief may be granted.

In Count Ten, plaintiffs allege conspiracy in violation of civil rights under 18 U.S.C. §§ 241 and 242. Only United States' prosecutors can bring a complaint under 18 U.S.C. §§ 241 and 242. These statutes do not give rise to a civil action for damages. *See Cok v. Cosentino,* 876 F.2d 1 (1st Cir. 1989); *United States v. Oguaju,* 76 Fed.Appx. 579 (6th Cir. 2003); *Kelly v. Rockefeller*, 69 Fed.Appx. 414 (10th Cir. 2003). Accordingly, Count Ten will be dismissed against defendants Logue and Moore.

Likewise, plaintiffs have no private right or action for alleged violations of the Tennessee state criminal statutes. Tenn. Code Ann. § 39-14-103 is a criminal statute dealing with offenses against property; Tenn. Code Ann. § 39-14-114 is a criminal statute dealing with forgery and an offense thereunder is punishable as a theft; Tenn. Code Ann. § 39-12-103 is a criminal statute dealing with criminal conspiracy offenses. None of these three criminal statutes provide for a private civil cause of action. Accordingly, Counts Two, Three and Four will be dismissed against defendants Logue and Moore.

In Count Seven, plaintiffs allege violations of "state and federal civil rights" without specifying any specific statute and allege conclusorily that defendants violated plaintiffs' constitutional rights. Assuming plaintiffs are attempting to state a claim under 42 U.S.C. § 1983, their allegations fail because defendants Logue and Moore were not acting under color of state law. *See Spadafore v. Gardner,* 330 F.3d 849 (6th Cir. 2003). Accordingly, Count Seven will be dismissed against defendants Logue and Moore.

In Count Six, plaintiffs allege that defendants violated provisions of the Tennessee Consumer Protection Act (TCPA), Tenn. Code Ann. § 47-18-101 *et seq.* Plaintiffs' allegations relate to the representation by defendants of their clients and the conduct of an allegedly wrongful foreclosure and eviction. Whether the TCPA applies to the practice of law has not been decided by the Tennessee Supreme Court or the Tennessee Court of Appeals. According to its plain language, however, the TCPA applies only to unfair or deceptive practices that affect trade or commerce, as that term is defined in the statute, *e.g.,* the sale or distribution of goods or services. *See* Tenn. Code Ann. § 47-18-103(9).

The language of the Tennessee statute is similar to the language contained in consumer protection statutes of other states. Courts faced with the issue of whether claims of medical malpractice may be brought under a consumer protection statute uniformly have held that they may not because the actual practice of medicine does not affect trade or commerce. *See Constant v. Wyeth*, 352 F.Supp.2d 847, 853 (M.D.Tenn. 2003); *Simmons v. Stephenson,* 84 S.W.3d 926, 927 (Ky.App. 2002); *Janusauskas v. Fichman,* 793 A.2d 1109, 115 (Conn.App. 2002). This court agrees with the reasoning of these courts and finds it applicable to claims involving the practice of law. Thus, the court finds that the TCPA does not apply to lawyers practicing law because the practice of law is a profession and is not trade or commerce as defined in the TCPA. Accordingly, because plaintiffs have failed to state a claim for which relief may be granted against

defendants under the TCPA, Count Six will be dismissed against defendants Logue and Moore.

In Count Twelve, plaintiffs allege that defendants Logue and Moore violated Rules 1.2 and 8.4 of the Tennessee Rules of Professional Conduct. Section 6 of the scope of the Rules of Professional conduct states clearly that a violation of a disciplinary rule does not provide a private cause of action. Thus, the Rules may not be utilized by plaintiffs as a cause of action. Accordingly, because plaintiffs have failed to state a claim for which relief may be granted against defendants, Count Twelve will be dismissed against defendants Logue and Moore.

Last, in Count Five, plaintiffs allege that "defendants were involved in one or more contracts with the plaintiffs," and that the defendants breached their contract with plaintiffs. Reading the Second Amended Complaint, it is apparent to the court that the defendants' sole activity in these matters is to provide legal representation to parties adverse to the plaintiffs. Because plaintiffs do not allege the existence of a valid contract with these attorneys, they cannot seek recovery under breach of contract. Accordingly, Count Five will be dismissed against defendants Logue and Moore.

## Conclusion

For the reasons stated above, the motion to dismiss filed by defendants Gregory C. Logue and Daniel J. Moore [Doc. 90] is **GRANTED,** and Gregory C. Logue and Daniel J. Moore are hereby **DISMISSED** as defendants in this action.

Defendants Logue and Moore's motion for protective order [Doc. 98] is **GRANTED,** whereby plaintiffs' First Set of Interrogatories and Requests for Production from these defendants is **STRICKEN.**

Defendant Logue and Moore's motion for stay of all proceedings in this case pending such time as the court has ruled on their motion to dismiss [Doc. 111] is **DENIED AS MOOT.**

Plaintiffs have also moved the court for an order removing Gregory C. Logue from representing defendants in this case [Doc. 115]. Plaintiffs have no standing to insist that Gregory C. Logue withdraw as counsel for his clients. Accordingly, the motion is **DENIED.**

**IT IS SO ORDERED**.

**ENTER:**

_s/ Thomas W. Phillips_
United States District Judge