UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


ROBERT and STACY SCHMIDT      )
       )
V.           )      NO. 3:06-CV-209
       )
NATIONAL CITY CORPORATION,    )
*ET AL.*           )

## <u>REPORT AND RECOMMENDATION</u>

Attorneys Gregory C. Logue and Daniel J. Moore, who represent various defendants

in this case, were themselves sued by the plaintiffs and named as defendants in plaintiffs'

second amended complaint.[1]  Subsequently, attorneys Logue and Moore were dismissed as

defendants by order of the district judge.[2]  Mr. Logue and Mr. Moore have now filed a

motion for sanctions pursuant to F.R.Civ.P. 11, (Doc. 151), which has been referred to the

magistrate judge for "disposition or for a report and recommendation as may be

appropriate."[3]

A hearing on the motion was scheduled for May 22, 2008.[4]  When the matter was

called for hearing, the court was told that Mr. Schmidt had several documents he wished to

_____

[1]Doc. 81.

[2]Doc. 122.

[3]Doc. 161.  The Court of Appeals has held that any award of attorneys fees pursuant to
Rule 11 is a "dispositive" matter; therefore, the magistrate judge must issue a report and
recommendation for ultimate *de novo* review by the district judge.  *Bennett v. General Caster
Service of N. Gordon Co. Inc.*, 976 F.2d 995, 998 (6th Cir. 1992).

[4]Doc. 162.

file as exhibits. The court did not allow Mr. Schmidt to file those exhibits because, in its order of April 18, 2008,[5] the court indicated that it contemplated that the hearing would be for argument only *unless* one party or the other filed a "statement of evidentiary issues." No such statement was filed. For the same reasons, the court did not allow movants' attorney, Mr. Lowe, to present any evidence that plaintiffs sued Logue and Moore merely to harass them. The background to the Rule 11 motion of Logue and Moore is already in the record before the court.

In a letter dated December 19, 2007, the plaintiff Mr. Schmidt advised Mr. Logue, Mr. Moore, and their law firm, all of whom then represented various defendants in a lawsuit filed by plaintiffs, that plaintiffs intended to amend their complaint to add them as defendants. He included in that letter a rough draft of a motion he apparently intended to file in which he asked permission to add Logue and Moore as defendants. His letter advised Logue and Moore to withdraw as counsel for the defendants they then represented. Attorney Darryl Lowe, who represented Messrs. Logue and Moore in their potential capacities as defendants, scrupulously followed the dictates of Rule 11(c). On January 2, 2008, Mr. Lowe wrote a letter to the plaintiffs in which he suggested that the plaintiffs' threat to sue the lawyers and their firm was "a technique of harassment," and he "strongly encourage[d] plaintiffs not to file their suit because of the likely sanctions that would ensue." Attorney Lowe then referred specifically to the possibility of sanctions under Rule 11. Undeterred by

---

[5]Doc. 162.

attorney Lowe's letter, the plaintiffs' filed their second amended complaint on January 10, 2008, which added Logue and Moore as defendants. On January 17, 2008, attorney Lowe wrote the plaintiffs another letter, in which he enclosed a copy of an *unfiled* motion for sanctions, as required by F.R.Civ.P. 11(c)(2). Plaintiffs obviously did not withdraw their second amended complaint within the twenty-one day "safe harbor" provision of Rule 11(c)(2).[6] As a result, attorney Lowe was forced to file a motion to dismiss plaintiffs' complaint against Logue and Moore under Rule 12(b)(6), which was granted. In his Memorandum and Order that dismissed attorneys Logue and Moore from this case, the district judge painstakingly discussed each theory of recovery asserted by the plaintiffs against Messrs. Logue and Moore, explaining why none of them were actionable. Each purported theory of recovery asserted by the plaintiffs against Mr. Logue and Mr. Moore was dismissed by the district judge because none of them stated any viable cause of action under existing law. In other words, even if the factual allegations in the amended complaint against Logue and Moore were true, those allegations did not provide a legal basis upon which to sue them.

With respect to a complaint, F.R.Civ.P. 11(b) provides that a presentation of that complaint to the court constitutes a certification by the plaintiff that (1) the complaint is not being presented for any improper purpose, such as harassment or unnecessary delay, and (2) the contentions in the complaint are warranted by existing law or by a nonfrivolous argument

---

[6]For whatever reason, plaintiffs never filed their motion to add Logue and Moore as defendants, a copy of which they included in Mr. Schmidt's letter of December 19, 2007, to Mr. Logue. They simply filed their amended complaint.

for the extension, modification, or reversal of existing law or the establishment of new law; and (3) the allegations have evidentiary support, or are likely to have evidentiary support, after reasonable opportunity for further investigation and discovery.

Plaintiffs argue that this motion is premature because "many things have not been ruled upon by the court," and because they have - or will have - evidence to support their claims against Moore and Logue. Plaintiffs miss the point. In dismissing Mr. Logue and Mr. Moore from this suit pursuant to Rule 12(b)(6), the district judge necessarily assumed to be true every factual allegation in the plaintiffs' second amended complaint. The district judge dismissed the plaintiffs' second amended complaint, not because he disbelieved some or all of their factual allegations, but because those allegations, even if true, did not provide a basis to sue Logue and Moore. Thus, Rule 11(b)(3) is irrelevant to the disposition of this motion.

There is far more than a reasonable suspicion to believe that the plaintiffs sued Logue and Moore only to harass them.[7] But it is unnecessary to determine if the plaintiffs filed their suit for harassment; the allegations they asserted against Logue and Moore were not legally actionable, as evidenced by the district judge's dismissal of their suit under Rule 12(b)(6). Thus, Rule 11(b)(2) comes into play: were plaintiffs' claims and other legal contentions "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . . ?"

---

[7]"Reading the Second Amended Complaint, it is apparent to the court that the defendants' sole activity in these matters is to provide legal representation to parties adverse to the plaintiffs." Memorandum and Order of the District Judge, Doc. 122, p. 7.

That the district judge dismissed plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(6) obviously is not dispositive of the issue before the court; many causes of action within a suit, and many suits in their entirety, are dismissed for failure to state a claim upon which relief can be granted, and Rule 11 is not automatically implicated as a result. In the case of the dismissal of causes of action under Rule 12(b)(6), the question always is, as Rule 11(b)(2) indicates, whether those dismissed claims or contentions were warranted by existing law, or by an argument to extend or modify existing law, or to establish new law, supported by at least a barely plausible argument. Although "[t]he rule is not intended to chill an attorney's enthusiasm or creativity in pursuing . . . legal theories," the rule nevertheless "stresses the need for some prefiling inquiry into both the facts *and the law* to satisfy the affirmative duty imposed by the rule."[8]

Any barely competent attorney would know that a private civil cause of action is not authorized by the various criminal statutes relied upon by plaintiffs in their Second Amended Complaint. Any lawyer would know, or at least should know, that Moore's and Logue's actions as alleged by plaintiffs could not possibly come within any of the federal civil rights statutes. The assertion of these proposed causes of action were unjustified at the outset, and are not seen to be so merely from the perspective of hindsight. If these claims had been asserted by an attorney, Rule 11 sanctions immediately would have been looming on the horizon.

---

[8]Advisory Committee Notes to the 1983 Amendment to Rule 11, emphasis supplied.

The plaintiffs cannot escape sanctions merely because they are laypersons. Attorney Lowe had explained to them clearly why each proposed theory of recovery was not sustainable, and he unambiguously advised them to refrain from filing their complaint. They have undertaken to represent themselves, and they are charged with a modicum of responsibility to insure that a claim asserted by them has a legal basis. That, of course, is the purpose of the safe harbor provision of 11(c)(2), and it applies to *pro se* plaintiffs as much as it does to licensed attorneys. Before plaintiffs filed their amended complaint, attorney Lowe told them in his letter of January 2, 2008, that there was no legal basis for the claims they intended to assert against Logue and Moore. He invited them to "give careful thought and deliberation" before filing their amended complaint, and he suggested that they consult beforehand with an attorney. Further, these plaintiffs previously filed an identical suit against Logue and Moore in a state court action, which in turn precipitated a motion for Rule 11 sanctions under state procedure. The suit against Logue and Moore in the state court suit was voluntarily dismissed. In short, these plaintiffs cannot legitimately claim misunderstanding or ignorance when they filed their suit against Logue and Moore.

After plaintiffs filed their amended complaint which added Logue and Moore as defendants, attorney Logue renewed his demand that they dismiss the suit and sent plaintiffs a copy of his Rule 11 motion which at that time was unfiled. Thus, plaintiffs had more than adequate information, garnered during the course of two separate lawsuits, that educated them to the fact that they had no sustainable causes of action against Mr. Logue and Mr. Moore. Plaintiffs obviously did some legal research in light of the theories of recovery they

asserted against Logue and Moore in the amended complaint. *At the very least*, in light of the information they had, they were charged with the responsibility of determining if those theories of recovery were truly actionable. The salutary purpose of Rule 11 is to make attorneys, and *pro se* litigants, to "stop, look, and listen" before filing a suit or raising a defense. *Golyar v. McCausland*, 738 F.Supp.1090, 1097, (W.D. Mich.1990). Plaintiffs disdained Mr. Lowe's advice that they do so.

Rule 11(c)(5) recites that the court must not impose a monetary sanction for a violation of Rule 11(b)(2) (assertion of legally unwarranted claims) against a *represented* party. In other words, when the offending party is represented by a lawyer, only the lawyer may be burdened with a monetary sanction for a violation of Rule 11(b)(2). Rather obviously, if the offending party is unrepresented and commits the violation while acting *pro se*, monetary sanctions *may* be imposed against that party. *See, e.g.*, *Golyar, supra*, and *Woodruff v. National Life Ins. Co.* 2006 WL 2711687 (E.D. Tenn. 2006).

In the opinion of this magistrate judge, the circumstances of this case warrant the imposition of monetary sanctions. Attorney Lowe charged Messrs. Logue and Moore $6,114.05 in representing them through the dismissal of plaintiffs' suit against them. He charged $165.00 per hour for his services, and $65.00 per hour for his law clerk, both of which are extremely reasonable in today's market. Additionally, attorney Lowe charged Logue and Moore $2,631.73 for services rendered with respect to the Rule 11 motion, and that does not include the hearing in Greeneville on May 22, 2008. Thus, as a direct result of plaintiffs' suit against Logue and Moore, they have incurred $8,745.78 in attorneys' fees,

plus whatever amount attorney Lowe will charge them for the May 22, 2008 hearing. However, the purpose of an award of attorneys fees under Rule 11 is to deter similar conduct in the future; it is not intended to compensate the party injured by the Rule 11 violation. Thus, an award of attorneys fees is "inherently more discretionary." *Eason v. Eastman & Smith* 1990 WL 127589 (6th Cir. 1990). Bearing in mind that the purpose of monetary sanctions under Rule 11 is deterrence, rather than compensation, an award in the total amount of attorney Lowe's billings would be inappropriate. Rule 11 is not intended to be a substitute for a suit for malicious prosecution, which of course Messrs. Logue and Moore could still pursue against plaintiffs to recover *all* of their attorneys' fees, as well as any other damages they have sustained by reason of plaintiffs' frivolous suit against them. It is respectfully recommended that sanctions in the amount of $3,000.00 against the plaintiffs, jointly and severally, should be adequate to deter similar conduct in the future.[9]

 Respectfully submitted,

          ____s/ Dennis H. Inman____
          United States Magistrate Judge

---

[9]Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).